## CHRISTINE *v.* MANDERSON.

1. Under the acts of 1806 and 1808, a mechanic's claim against a reputed owner, who was also contractor, though not named as such, is valid.
2. And these acts extend to all cases where the goods were furnished before the act of 1836 went into operation.
3. The plaintiff is entitled to judgment, though the real owner be not named in the sci. fa., for he may defend on the same grounds in ejectment by a purchaser at sheriff's sale.
4. The court may strike off a plea, averring or denying facts which the plaintiff must prove or disprove, to entitle himself to judgment.

Error to the District Court of the city and county of Philadelphia.

*April* 16.—Manderson, on the 7th of February, 1837, filed a claim for materials furnished between Dec. 31, 1835, and August 10, 1836, to a house particularly described, against A. Christine, owner or reputed owner. On a sci. fa. the defendant pleaded that the goods were not furnished; payment; that he never was the owner, but that one Bowman was. And also filed a plea averring " the claim is null and void, because it does not state the kind and amount of materials, and the times when furnished, and this he is ready to verify by the record." This was struck off by the court, on motion; and constitutes the first exception. The plaintiff, on the trial, before Stroud, J., proved the delivery of the goods and their value, and the erection of the building by Christine, and gave evidence showing reputed ownership. There was some contradictory evidence on this point. The court refused to admit evidence to prove that the title was in Bowman, and never in Christine.

In answer to defendant's points, the court said that the act of 1806 governed the case, as the materials were furnished before the act of 1836 went into operation. Hence a specification of the materials, or the time of furnishing them, was not necessary. The claim was good, though the owner was not a party. It was not necessary to file the claim against Christine, as contractor, and Bowman, as owner. That if Bowman was the real owner at the time of the commencement of the building, the plaintiff might recover.

These were the errors assigned here.

*Norris*, for plaintiff in error.—The act of 1836 was prospective, it is true, Davis *v.* Church, 9 Watts, 304, but here the claim was not filed until it went into operation. If, then, this proceeding be under that act, it is clearly void. But, even under the old law, it is void. That of 1806 does not state the parties against whom it must be filed, but

the act of 1808 requires the sci. fa. to be issued against the contractor *and the owner.* If filed against the owner only, it is bad, Barnes *v.* Wharton, 2 Whart. 198. Here it purported to be filed against the owner only. The practice has always been to file a bill of particulars, as will be seen in Hills *v.* ————, 16 Serg. & Rawle, 56 ; Lehman *v.* Thomas, 5 Watts & Serg. 262.

As to the plea, the court had not a right to strike it off; the remedy was by demurrer, 1 P. A. Br. Rep. 78.

*McMurtrie* and *St. Geo. Campbell,* contrà.—The plea was bad in every way. It was in effect a demurrer, for it stated that the facts we alleged in the sci. fa. did not warrant a judgment. In that aspect it was bad, for it concludes with a verification by a record, but what record is not stated. As a plea, it was the general issue, and bad in that respect. It was moreover tried in fact, for we must have shown that all the matters noticed in that plea were legally performed before we were entitled to recover. The only question is, whether the act of 1806 extends to this case. The act of 1836 is prospective, and affects no rights anterior to the 1st September, 1836, as appears from the last section, and it is decided the commencement of the building is the time at which the act of Assembly operates. Steinmetz *v.* Boudinot, 3 Serg. & Rawle, 541. Our rights had fully vested before the act of 1836, and no construction is to be put on a general act which operates injuriously upon vested interests. Lambertson *v.* McClelland, antè, 22. Under the act of 1806 the claim is valid. No bill was required, Springer *v.* Keyser, 6 Whart. 187. The owner's name need not be specified, and if the contractor be the reputed owner, it is not necessary to mention any one else, Rogers *v.* Kingler, 3 Whart. 335; Linn *v.* Naglee, 4 Whart. 96, 97; Savoy *v.* Jones, 3 Rawle, 343, 350; O'Conner *v.* Warner, 4 Watts & Serg. 225 ; Bickel *v.* James, 7 Watts, 11 ; Church *v.* Davis, 1 Watts & Serg. 241. Nor is it necessary to have a plea from the real owner, Sullivan *v.* Johns, 5 Whart. 266, which proves conclusively he is not a necessary party to the action, and that the reputed owner and contractor only, here the same person, are to be made parties.

*April* 20. SERGEANT, J.—The act of 17th March, 1806, does not require that the claim shall contain the name of the owner or contractor. It makes the building subject to the debt contracted for materials furnished, or work done in erecting it. The claim, therefore, in the present instance would have been good, though it had not stated, as it does, the name of an owner or reputed owner. And this is the answer also to the objection that the claim is defective in not stating the kind or

amount of materials furnished, and the time when furnished. It was not till the passing of the act of the 16th June, 1836, this was required, and in the present case the work was done before the act went into operation, and does not fall within its provisions, which are prospective. The fourth plea was therefore a bad one, and its deficiency might be taken advantage of in various modes, of which that of striking it off is the most convenient and usual.

As to the objection that Bowman was the real owner of the building, and not Christine, this is properly an objection under the act of 28th March, 1808, to the scire facias, and not to the claim. The second section of this act directs the scire facias to be issued against the debtor and owner, and undoubtedly the plaintiff ought to have made the owner a party, and have service made upon him, where he knows him to be so. That is, frequently, however, not in his power, owing to unknown transfers and apparent ownerships, and hence the practice of proceeding against a reputed owner, since incorporated into the act of 1836. In the present instance, the defendant asserts that Bowman was the real owner, and the evidence offered must be taken to prove that. But the evidence also shows that Christine was contractor for Bowman, and nothing proves the debt paid. The issue joined was, whether Christine was owner or reputed owner. If Bowman procured Christine to appear and act as the owner, and thereby got the benefit of the plaintiff's materials, the scire facias against Christine, as contractor and owner, or reputed owner, would be sufficient. Besides, it is an objection which can only avail Bowman himself, and does not lie in the mouth of the present defendant in a proceeding against the building. In Anshutz *v.* McClellan, 5 Watts, 487, it is held that this provision is merely directory, and the plaintiff may proceed to sell, leaving to the owner the same defence he might have taken had he been party to the scire facias.

Judgment affirmed.